IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REVOLUTION MONITORING, LLC, | § | Bankr. No. 18-33730-SWE11 |
| Debtor, | § | |
| ---------------------------------------------------- | § | |
| | § | |
| JEREMIAH VANCE, | § | |
| Appellant, | § | |
| | § | |
| v. | § | No. 3:26-CV-1595-B |
| | § | |
| TEXAS COMPTROLLER, et al., | § | |
| Appellees. | § | |

**MEMORANDUM OPINION AND ORDER**

Appellant Jeremiah Vance filed a *pro se* notice appealing an order of the United States Bankruptcy Court for the Northern District of Texas in Case No. 18-33730-SWE11, which appeal was transmitted to this Court by the bankruptcy court. *See* Doc. 1. Before the Court are *Appellant's Verified Motion to Proceed In Forma Pauperis on Appeal* and *Appellant's Emergency Motion for Administrative Stay and Stay Pending Appeal*. Docs. 3-4. After careful consideration of the relevant filings and applicable law, and for the reasons that follow, the Court **DENIES** the motion to proceed *in forma pauperis* and **SUMMARILY DISMISSES** this bankruptcy appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Court **DENIES AS MOOT** the motion for a stay.

**I.**

In February 2026, Appellee Texas Comptroller of Public Accounts, Unclaimed Property Division ("Comptroller") filed a motion in the underlying bankruptcy proceedings to deposit funds in the court registry. *See* Doc. 1-1 at 7; *In re Revolution Monitoring, LLC*, No. 18-33730-SWE11,

Doc. 552 (Bankr. N.D. Tex. Feb. 11, 2026).[1] In relevant part, Vance subsequently began filing *pro se* documents on behalf of debtor Revolution Monitoring, LLC ("Revolution Monitoring") in the bankruptcy proceedings. *See* Doc. 1-1 at 7. On April 21, 2026, the bankruptcy court entered an order striking several filings by Vance because Revolution Monitoring, as well as the other debtors, were non-individuals and therefore could not act in court except through licensed counsel, which Vance is not. *See id.* at 7-8. Vance appealed that order to this Court on May 5, 2026, and filed an application in the bankruptcy court to proceed *in forma pauperis* ("IFP") on appeal. *See* Doc. 1; Bankr. Doc. 595. On May 14, 2026, the bankruptcy court denied the IFP application and certified that Vance's appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3). *See* Bankr. Doc. 598. The bankruptcy court also denied Vance's subsequent motion to reconsider the May 14 IFP denial. *See* Bankr. Docs. 609, 632, 647. Vance then filed the pending IFP application in this Court. *See* Doc. 3.

## II.

In the context of bankruptcy appeals, "[d]istrict courts have jurisdiction to hear appeals from 'final judgments, orders, and decrees' and, with leave of the court, 'other interlocutory orders and decrees' of bankruptcy judges." *Prince v. CMS Wireless LLC*, No. 4:11-CV-438, 2012 WL 1015001, at *2 (E.D. Tex. Mar. 22, 2012) (quoting 28 U.S.C. § 158(a)). "A district court reviewing a bankruptcy court's decision 'functions as an appellate court and applies the standard of review generally applied in federal court appeals.'" *In re Maison Royale, LLC*, No. 23-6191, 2024 WL 1514197, at *2 (E.D. La. Apr. 8, 2024) (cleaned up). Discretionary decisions by a bankruptcy

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing. Citations to the record in the bankruptcy court will be prefaced with "Bankr. Doc." followed by the docket entry number.

court—such as an order to strike, as here—are reviewed under an abuse of discretion standard. *See Phillips v. Tow*, No. H-17-355, 2017 WL 3480680, at *2 (S.D. Tex. Aug. 14, 2017). "A court abuses its discretion by relying on an erroneous legal conclusion." *La Union Del Pueblo Entero v. Abbott*, 151 F.4th 273, 285 (5th Cir. 2025). Because Vance seeks to proceed IFP in this appeal, his appeal also is subject to screening to determine whether it is frivolous, i.e., does not have an arguable basis in fact or law. *See, e.g.*, *In re Grodsky*, No. 19-14801, 2020 WL 1234430, at *5 (E.D. La. Mar. 13, 2020); *In re Foster*, 644 F. App'x 328, 330-31 (5th Cir. 2016).

As a threshold matter, the bankruptcy court has certified pursuant to § 1915(a)(3) that Vance's appeal is not taken in good faith because it does not raise a non-frivolous issue on appeal. *See* Bankr. Doc. 598 at 4. In the first instance, Vance raises no arguments challenging the bankruptcy court's core basis for striking his papers in the appealed order—that Vance may not file papers *pro se* on behalf of Revolution Monitoring or any other company debtor because he is not a licensed attorney. Instead, in his pending IFP application, Vance lists several purported non-frivolous issues on appeal, only the first two of which arguably pertain to the specific order to strike that is the subject of this appeal: (1) "Whether the Court erred in striking pleadings or in striking pleadings in their entirety where portions were filed under Rule 23.1 or otherwise submitted in Appellant's individual capacity"; and (2) "Whether procedural alternatives such as severance, redaction, or partial striking were required under applicable due process principles."[2] Doc. 3 at 3. Vance fails to identify any authority or provide any evidence to support his conclusory statements that these issues are not frivolous. Moreover, the bankruptcy court addressed these issues in its

[2] The remaining grounds relate to other rulings in the underlying bankruptcy proceedings and have no bearing on this appeal, which involves only the bankruptcy court's order striking Vance's papers. *See* Doc. 3 at 4-6. They therefore do not show that this appeal is taken in good faith.

certification that the appeal was not taken in good faith, to which Vance offers no response in this appeal. *See* Bankr. Doc. 598 at 3-4. The Court agrees with the bankruptcy court's analysis, and as the Court has noted, Vance presents no authority or evidence to the contrary. Vance has failed to present a non-frivolous issue on appeal, and the Court accordingly **DENIES** his IFP application.

Further, the Court's review of the record reveals no abuse of discretion by the bankruptcy court in striking Vance's papers in the appealed order for the reasons discussed herein and for the same reasons set forth in the bankruptcy court's order certifying that Vance's appeal was not taken in good faith. *See* Bankr. Doc. 598. Vance's appeal therefore lacks an arguable basis in fact or law, and the Court **SUMMARILY DISMISSES** this appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**III.**

Vance also seeks a stay pending his appeal of two orders entered by the bankruptcy court in the underlying bankruptcy proceedings. *See* Doc. 4 at 1. Those appealed orders are not the subject of this appeal. Because the Court summarily dismisses this appeal as frivolous, the Court **DENIES AS MOOT** Vance's motion to stay.

**IV.**

For the foregoing reasons, the Court **DENIES** *Appellant's Verified Motion to Proceed In Forma Pauperis on Appeal* (Doc. 3) and **SUMMARILY DISMISSES** this appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Court **DENIES AS MOOT** *Appellant's Emergency Motion for Administrative Stay and Stay Pending Appeal* (Doc. 4).

**SO ORDERED** this 8th day of October, 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE